# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAMAU ALFAHIYM MUNTASIR, : <br> : Civ. No. 15-0754 (KM) <br> Petitioner, : <br> : <br> v. : **SUPPLEMENT TO OPINION** <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : | |

On March 22, 2018, I filed an Opinion ("Op.", ECF no. 7) and Order (ECF no. 8) denying Mr. Muntasir's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. On July 10, 2018, the United States Court of Appeals for the Third Circuit filed an order of remand for the sole purpose of this Court's either issuing a certificate of appealability or stating why a certificate of appealability should not issue. The appeal was stayed in the interim. (A copy of that order, entered in Third Circuit case no. 18-2509, is filed on this Court's docket as ECF no. 14.) This Supplement to my earlier Opinion (ECF no. 7) constitutes the Court's statement of reasons.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The threshold issue presented by the petition was one of timeliness under 28 U.S.C. § 2255(f): specifically, whether a defendant who voluntarily withdrew his federal appeal could

1

nevertheless claim the benefit of the 90-day period during which a writ of certiorari could have been sought. That procedural issue has not been resolved consistently among the Courts of Appeals, and I discussed it at some length. However debatable that issue may be, however, it does not furnish grounds for appeal, because I resolved it in the petitioner's favor. (Op. 9–13)

The remainder of the petition consisted of Mr. Muntasir's claims that trial counsel had been ineffective in connection with his rejection of an initial plea offer entailing a sentence of 84 months' imprisonment. (Mr. Muntasir ultimately accepted a later offer entailing 120 months' imprisonment.) My Opinion (pp. 13–25) cites the appropriate legal standards under, *e.g.*, *Strickland v. Washington,* 466 U.S. 668 (194), and *Hill v. Lockhart,* 474 U.S. 52 (1985). I do not perceive a substantial issue as to whether they were applied appropriately. Mr. Muntasir conceded that his trial counsel pressed him to take the earlier offer, correctly urging that it was unlikely to improve as trial approached. The record did not suggest that counsel's performance was deficient in relation to the obtaining and review of discovery. Whatever complaints the defendant has about the government's short deadline for the first plea offer, or its alacrity in producing discovery, fail to connect to any allegedly deficient performance by his own counsel. There was no showing of deficient performance in connection with counsel's failure to negotiate a plea without an appeal waiver provision (a common feature of plea agreements in this district). To succeed, such a negotiation would have required a willing counterparty; again, the petitioner's complaint appears to be with the government, not his counsel. I found no substantial error or likelihood of prejudice in the allegations of counsel's allegedly incomplete advice as to the effect of the waiver.

In short, there is no substantial showing of the denial of a constitutional right, and I find that a certificate of appealability should not issue.

DATED: July 11, 2018

_____
KEVIN MCNULTY
United States District Judge